UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

........................................................................

UNITED STATES OF AMERICA,

                                                                       **Defendant Crawford's Response to the Government's Application for a Protective Order**

      - against -

                                                                        Case No. 14-CR-30 (GLS/CFH)

GLENDON SCOTT CRAWFORD, et al.

........................................................................

      KEVIN A. LUIBRAND, being an attorney duly admitted to practice before the courts for the United States District Court for the Northern District of New York, states and affirms under penalty of perjury as follows:

      1.    Affirmant is counsel to the defendant, Glendon Scott Crawford ("Crawford"), and submits this affirmation in reply to the government's motion for a protective order.

      2.    The government's application identifies two discreet factual assertions as a basis for its requested protective order, but then requests a sweeping order precluding the defendant from his right to examine any discovery materials provided by the government except with a monitor present.

      3.    The government defines its two (2) issues as follows:

> The [Government]...moves this Court for a protective order to limit dissemination to the defense trial team of certain discovery information in this case concerning: (1) **personal identity and communication information for several undercover government employees** and (2) **information on the radiation emitting device and the remote initiation devices**...(at government motion I [Introduction]) (emphasis supplied)

      4.    However, to purportedly address the above, the government asks the court to sign an order stating:

> Discovery provided by the government shall not be reproduced or disseminated in any form to persons not a party to these proceedings, or a member of the defense team in this case, <u>and that the defendant shall access the material in the presence of the defense counsel, who shall retain possession of the original and only hard copy of the discovery material.</u>
>
> and,
>
> It is further ordered that each member of the defense team in this case shall: (a.) be given and review a copy of this protective order; and (b.) <u>sign a written statement confirming that he/she has read and agrees to comply with the terms of this protective order.</u>  Primary defense counsel shall maintain each of these letters, and shall file them with the court upon request. (emphasis supplied)

5.      The breadth of the relief sought by the government in the proposed order is significantly beyond what is necessary to address the government's stated concerns.

### Government seeks order preventing defendant from receiving and studying discovery without counsel present

6.      The government asserts that the material used by the government to support its indictment and provided to defense counsel as Rule 12 and 16 discovery cannot be personally in the possession of the defendant to review and study, and that his counsel must be present at all times when the defendant has the discovery.  There is no offered basis in the government's application for such extreme restrictions, and the government's prior public disclosures would tend towards showing that the government had no reservation about disclosure.

7.      The government, at the outset of the case and in support of the original charge, filed a 66-page single-spaced affidavit with 182 paragraphs (many paragraphs being up to 12 sentences and some up to 4 pages in length) describing the details of more than 65 encounters involving third parties and/or UCEs and defendant [*docket no. 1*].

8.      The affidavit was disclosed not just to the defendant, but to the world, detailing by date and sometimes time, and usually location, the UCEs' and others' interaction with defendant, tape recordings made by the government, activities of government informants and

agents, and statements purportedly made by the defendant, with attention to the detailed affidavit drawn by a government-issued press release (see Exhibit "A" hereto).

9. The scope and detail of the affidavit and such public disclosure, while well within the government's discretion, manifests the impression from the government that the government had no reservation about publicly revealing details of its investigation.

10. The court is being asked now by the government for a blanket ban against Crawford being allowed to look at the materials supporting the allegations in that affidavit and the indictment except in the presence his lawyer, and with his lawyer acting not *as* a lawyer, but as a security guard or monitor to personally watch Crawford review the Rule 12 and 16 materials, and make sure that Crawford does not possess a copy to review on his own.

11. In addition to the impact on Crawford's ability to defend himself, there is a practical delay consequence to such relief. Crawford is incarcerated without bail in the Warren County Correctional Facility which is located approximately one hour from counsel's office law office. It would take every day for months of counsel sitting with and watching Crawford review the materials to get through the materials.

12. The government's Rule 12 and Rule 16 discovery thus far comprises ten (10) video CDs, many hundreds of pages of written discovery, hundreds of pages of affidavits, search warrants, subpoenas, maps, diagrams and 302's, copies of materials taken from Crawford's home, and thirty-five (35) CDs filled with audio and video/audio recordings in addition to approximately eighty (80) additional loose pages of paper discovery.

13. Crawford would be precluded from listening to recordings and taking notes, reviewing transcripts of recordings, examining discovery documents, warrants, affidavits supporting warrants, witness interviews, and developing his own outlines and avenues to address issues or documents to use as a basis for his own legal research.

14. The government has made an insufficient showing to support the breadth of the proposed relief, so much that it interferes with Crawford's right to defend himself. He should be

allowed to study the Rule 12 and 16 materials provided by the government that are being used to prosecute him with a much less restricted order than proposed by the government.

15. The government's application seeks only to be concerned about the identities of "some" UCEs, and an undercover government employee's identification can be subject to some protection. But, the type and breadth of any protections are based upon a balancing of interests.

16. The leading Supreme Court case on this question, Roviaro v. United States, 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), holds that where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. 353 U.S. at 60-61.

17. Rovario requires a "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."

18. The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." United States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984); United States v. Roberts, 388 F.2d 646, 648-49 (2d Cir. 1968); see United States v. Price, 783 F.2d 1132 (4th Cir. 1986); United States v. Barnes, 486 F.2d 776 (8th Cir. 1973).

19. The claimed UCEs are all witnesses whose testimony is at the core of the government's case. The government's claimed case is factually based upon UCEs meeting and working with Crawford and the affidavit shows the UCEs are usually the only ones present besides Crawford.

20. In United States v. Saa, et al., 859 F.2d 1067 (2nd Cir. 1988), the informant was both a witness to and a participant in many of the events that led to the conviction of the defendants. He was the only agent of the government present to witness the happenings of the key dates, and there the court-ordered disclosure.

21.     Here, the government's UCEs are described in the criminal complaint as having been present at every significant meeting with Crawford.

22.     The government can accomplish its goal of protecting the identity of some UCEs by providing a number in lieu of name as it did in the affidavit supporting its complaint [*docket no. 1*], and then providing Crawford's counsel with a key to associate each number with a UCE name. The Court could fashion an order which would allow the key to be seen by only the prosecution, the defense team and the court.

23.     The defense team could then make whatever applications are necessary to obtain the UCEs' background and other information related to the UCE utilizing the number key.

24.     As to the telephone numbers used to communicate with Crawford, the defense needs the telephone numbers to be able to identify who called Crawford on his cell phone and when. A similar key can be used corresponding the telephone number to a letter or number.

25.     Lastly, the government's concern about the device is resolved by a limited order preventing any plans for the device that are provided in discovery to be provided to anyone other than the defense team, including retained experts, and the defendant.

26.     However, besides these limited protections, the defendant should have full access to the discovery materials, and be accorded the right to copies to examine on his own and analyze in his own time.

27.     In addition, the government states a need to protect the identity of only "some" UCEs, and seeks no protections for presumably other UCEs and non-UCE informants or witnesses. Thus far, and I have not read all the discovery provided as of yet, some government Rule 12 and 16 discovery redactions of the names of witnesses who, from the context of the document (302s), are not UCEs but non-government witnesses.

28.     Crawford requests that the court, in fashioning an order, direct the government to otherwise provide Rule 12 and 16 materials without redacting the names of any witness or informant other than court-specified UCEs and as limited above.

### Proposed signing of court order by Affirmant

29. The government also seeks not just a protective order from the court directing that certain documents be limited in disclosure, but also is requesting that affirmant sign the protective order agreeing to comply with its directives.

30. A court order is a directive by the court to which affirmant is required to comply.

31. There is no basis in law to direct that, in addition, affirmant sign the order like a child when affirmant is fully aware of the meaning of a court order.

_____
Kevin A. Luibrand