IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:14-CR-30 (GLS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GLENDON SCOTT CRAWFORD,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS ON FORFEITURE

The United States submits the following proposed jury instructions relating to the forfeiture alleged in the Indictment.  These instructions are applicable in the event that the defendant is convicted.

Leave is respectfully requested to include such additional instructions as may become appropriate during the course of the trial.

Dated: August 14, 2015

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney


By:    */s/ Richard D. Belliss*
Richard D. Belliss
Assistant United States Attorney
Bar Roll No. 515295

## <u>TABLE OF CONTENTS</u>

<u>Instruction Number</u>              <u>Instruction</u>

1.                 Introductory Charge: Criminal Forfeiture

2.                 The Statute Read to the Jury:  18 U.S.C. §§ 981(a)(1)(G)(i)-(iii)

3.                 List of Items Subject to Forfeiture

4.                 Property "Used or Intended to be Used"

5.                 Burden of Proof:  Preponderance of the Evidence

6.                 Limitations of Jury's Determination as to Forfeiture

7.                 Explanation of the Special Verdict Form

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1**:

**<u>Introductory Charge: Criminal Forfeiture</u>**

Members of the Jury, in view of your verdict that the defendant **GLENDON SCOTT CRAWFORD** is guilty of committing the offense(s) of conviction, you have one more task to perform before you are discharged.  I now must ask you to render a special verdict concerning property the United States has alleged is subject to forfeiture.[1]  "Forfeiture" means to give up ownership or interest in property, as a penalty for committing a violation of a certain federal law.

---

[1] *Libretti v. United States*, 516 U.S. 29, 39 (1995) (criminal forfeiture is an aspect of punishment imposed following conviction of a substantive criminal offense).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2:**

**The Statute Read to the Jury: 18 U.S.C. §§ 981(a)(1)(G)(ii)-(iii)**

Pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii), by Title 28, United States Code, Section 2461(c),[2] upon conviction of offenses in violation of Title 18, United States Code, Sections 2332h, 2332a, and/or 842 the defendant, **GLENDON SCOTT CRAWFORD**, shall forfeit to the United States of America all assets, foreign or domestic:

(i)     belonging to any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, as defined in Section 2332b(g)(5), against the United States, citizens or residents of the United States, or their property, and  all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; and/or

(ii)    acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism, as defined in Section 2332b(g)(5), against the United States, citizens or residents of the United States, or their property; and/or

(iii)   derived from, involved in, or used or intended to be used to commit any Federal

---

[2] 28 U.S.C. § 2461(c), provides:

"If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and [S]ection 3554 of [T]itle 18, United States Code. The procedures in [S]ection 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act."

3

crime  of terrorism, as defined in Section 2332b(g)(5), against the United States,

citizens or residents of the United States, or their property.[3]

---

[3] 18 U.S.C. §§ 981(a)(1)(G)(i)-(iii) (2012).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3:**

**List of Items Subject to Forfeiture**

It is charged in the Forfeiture Allegation that the following property is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii):

1. Any drawings, schematics or diagrams relating to the use, possession, construction, production, or acquisition of a weapons of mass destruction;

2. Point to point wireless radio devices;

3. Maps, photographs, documents, or papers relating to the use, possession, construction, production, or acquisition of a weapon of mass destruction;

4. AT&T model no. Z331 cellular telephone bearing serial no. 322912840028; and

5. LG model no. LG500G cellular telephone bearing serial no. 110CQPY968264.

5

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4:

### Property "Used or Intended to be Used"

Any property used or intended to be used to by the defendant to commit the federal violations under Title 18, United States Code, Sections 2332h, 2332a and 842  for which you have convicted the defendant, **GLENDON SCOTT CRAWFORD**, is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii).

The property must have more than an incidental or fortuitous connection to criminal activity.[4]  However, it is irrelevant whether the property is even used at all in the commission of the crime, so long as it was intended to be used.  It is also irrelevant whether the property's role in the crime is integral, essential or indispensable.   The property need not have been used exclusively for commission of the offense(s) of defendant's conviction.

---

[4] 18 U.S.C. 983(c)(3) ("If the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."); *see also United States v. Herder*, 594 F.3d 352, 364-65 (4th Cir. 2010) (the substantial connection test applies in both civil and criminal forfeiture cases, but the test is satisfied by showing that the property made the offense less difficult to commit, or more or less free from obstruction or hindrance).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5:

### Burden of Proof:  Preponderance of the Evidence

It is your duty to determine if the property should be forfeited.  You must determine whether the United States Government proved by a preponderance of the evidence that the property to be forfeited constitutes forfeitable property pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii).

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses and duty to deliberate apply with respect to your verdict regarding forfeiture. However, my previous instructions concerning the government's burden of proof do not apply to your deliberations and verdict regarding forfeiture.[5]  In the forfeiture portion of this trial, the government must prove by a preponderance of the evidence that the property should be forfeited.[6]

Unlike the underlying criminal charges that you have already considered, the United States is not required to establish the necessary elements of the Forfeiture Allegation by proof beyond a reasonable doubt; rather the government must prove every essential element of the forfeiture allegation by a preponderance of the evidence.[7]  To establish a fact by a preponderance

---

[5]  *United States v. Fruchter,* 411 F.3d 377, 383 (2d Cir. 2005) (citing *United States v. Libretti,* 516 U.S. at 49 which held that criminal forfeiture was "an aspect of sentencing" falling beyond the purview of the Sixth Amendment).

[6] 18 U.S.C. § 2428 (2006); *United States v. Bellomo,* 176 F.3d 580, 595 (2d Cir. 1999) (because forfeiture is part of sentencing, and fact-finding at sentencing is established by a preponderance of the evidence, the preponderance standard applies to criminal forfeiture); *see also United States v. Gaskin,* 354 F.3d 438, 461–62 (2d Cir. 2004) (following *Bellomo*).

[7] *United States v. Schlesinger,* 396 F.Supp.2d 267, 271 (E.D.N.Y. 2005) ("[I]t is well-settled in the Second Circuit that once the defendant is convicted of an offense on proof beyond a reasonable doubt, the government is only required to establish the forfeitability of the property . . . by a preponderance of the evidence.").

of the evidence means to prove that something is more likely so than not so.  In other words, "a preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that more likely than not that the property constitutes forfeitable property pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii).

A preponderance of the evidence is a lower standard of proof; that is, a less strict standard, than is proof beyond a reasonable doubt.

While deliberating, you may consider any evidence offered by the parties at any time during the trial, including testimony offered by the government or the defendant before or after your previous deliberations.[8]  In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

---

[8] *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (citing Fed. R. Crim. P. 32.2.(b)(1)(B) which states: "The Court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the Court as relevant and reliable.").

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6:**

**<u>Limitations of Jury's Determination as to Forfeiture</u>**

I instruct you that your previous determination that the defendant, **GLENDON SCOTT CRAWFORD,** is guilty of the offense(s) of conviction is final, conclusive, and binding. Because you are bound by you previous findings, I direct you to not discuss anew whether the defendant is guilty of the offense(s) of conviction during your forfeiture deliberations.

I further instruct you that what happens to any property that you declare forfeited is exclusively a matter for the Court to decide and should not be considered during your deliberations. Furthermore, you should not consider any claims that other persons, including innocent spouses, may have to property.  The interest that other people may have to the property, if any, will be determined by the Court at a later time in an ancillary proceeding.[9]  Any claims that the forfeiture of the property would constitute excessive punishment also will be taken into account by the Court at a later time.  Finally, you are not required to consider whether the property is presently available.  That matter will also be considered by the Court during sentencing.

---

[9] Fed. R. Crim. P. 32.2(c)(4) ("An ancillary proceeding is not part of the sentencing.").

9

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7:**

**Explanation of the Special Verdict Form**

A Special Verdict Form has been prepared for your use.  With respect to the property, you are asked to determine whether it is subject to forfeiture to the United States.  You may answer by simply writing the word "yes" or "no" in the space provided next to the words "Yes" or "No."  The foreperson must then sign and date the Special Verdict Form.

You must reach a unanimous verdict as to each question on the verdict form.[10]  Every juror must agree that the government has proved by a preponderance of the evidence that the property subject to forfeiture constitutes forfeitable property pursuant to Title 18, United States Code, Sections 981(a)(1)(G)(i)-(iii).

_____

[10] 18 U.S.C. § 3531 (2013).