IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.   1:14-CR-30 (GLS) |
| v. | |
| GLENDON SCOTT CRAWFORD, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On November 24, 2016, pursuant to the Uniform Presentence Order issued by the Court, the United States filed a sentencing memorandum in the above-captioned matter. The Sentencing Memorandum of the United States addressed the Presentence Investigation Report ("PSR") only as we had not yet received the defendant's sentencing arguments. The Government reserved its right to respond in writing to any sentencing objections and arguments raised by the defendant after the filing of our Memorandum. Later that same day, the defendant filed a sentencing memorandum. This response is filed to address several of the arguments raised in the Defendant's Sentencing Memorandum.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

1.  **Virtually All of the Arguments Set Forth in Defendant's Review of the Proof at Trial for Counts One and Two Flatly Contradict the Evidence at Trial, and Most Have Been Rejected By This Court**

Defendant reprises, at pages four through six and elsewhere in his Memorandum, several of the factual and legal arguments he previously presented to the Court regarding his conduct as charged in Counts One and Two of the Indictment. Several of his claims simply defy the evidence at trial. For example, his claim at page four that "the remote was never attempted to be retrofitted

to the x-ray device," ignores the video shown at trial of the defendant attempting to do just that. See Gov't. Trial Exhibits 197, 198.  So too with the claims, at pages four and five, that he never attempted to possess an x-ray device, that he "declined" to "perform any modification once there was an opportunity," and that "the device itself was never made 'capable of and designed or intended to endanger human life.'" See Gov't. Trial Exhibits 197, 198 and trial testimony of Dr. Gary Richter, Tr. pages 659-672. Other of his claims not only contradict the evidence at trial, but previously have been presented to and rejected by the Court.  Specifically, this Court has rejected as "plainly meritless" the defendant's claim that there was never an attempt to "transform" the x-ray device into a weapon because the remote initiator was never "joined" to the x-ray device. Memorandum Decision and Order, dated October 27, 2015, Dkt. No. 111, pp. 6-7.  Similarly, the Court rejected the defendant's related claim that the industrial grade x-ray device never became a 'weapon' for purposes of criminal liability under the attempt and conspiracy offenses with which the defendant was charged in Counts One and Two. *Id.* pp. 7-8.  The Court also has rejected as "frivolous" the defendant's most recent legal assertion, nonetheless repeated once again in his Sentencing Memorandum, that the statute charged in Count One is somehow infirm based on the defendant's novel interpretation of the underlying intent of Congress in passing 18 U.S.C. Section 2332h. Text Only Order, dated August 24 2016, Dkt. 144.

    2.    **The Defendant Has Failed To Provide A Basis for the Court To Disregard the Substantial Evidence At Trial Supporting Application of the Terrorism Adjustment Set Forth in U.S.S.G. Section 3A1.4**

There was substantial evidence presented at trial that the defendant's offense conduct is precisely the type of conduct falling within the Sentencing Guidelines criteria for application of the U.S.S.G. Section 3A1.4 'Terrorism' adjustment, addressed previously in the Government's Sentencing Memorandum and the relevant excerpts from Government Trial Exhibits attached

thereto.  Further, the Court previously has found that the U.S.S.G. Section 3A1.4 'Terrorism' adjustment did apply to the defendant's co-defendant, recruit and assistant on the remote initiation unit portion of the plot – Eric Feight.  Other than conclusory statements and citations to case law that do not include the Second Circuit's decision in *United States v. Awan*, 607 F.3d 306 (2d Cir. 2010), the defendant points to no trial evidence that would overcome the substantial evidence at trial – almost all the defendant's own words when he believed he was speaking with 'like-minded' people and unaware his statements were being recorded – that the 3A1.4 terrorism adjustment is warranted here.

    **3.    The Defendant's Request for a Reduced Sentence Impermissibly Ignores the Applicable Statutory Mandatory Minimum**

The statute of conviction on Count One, 18 U.S.C. Section 2332h, states that a "person who violates, or attempts to violate, subsection (a) [as here] shall be fined not more than $2,000,000 and shall be sentenced to a term of imprisonment not less than 25 years or to imprisonment for life."  18 U.S.C. Section 2332h(c)(1).  This mandatory minimum sentence is also noted in the PSR at ¶ 229.

The defendant presents no authority that would authorize the Court to disregard this mandatory minimum sentence. Rather, he not only chooses to ignore this mandatory minimum but goes further to boldly suggest that he played a "minimal role" in the offense and that he should be sentenced at a level comparable to his recruited underling, Eric Feight.  He is neither free to disregard the law nor the evidence at trial, and these unsupported and unsupportable positions should be flatly rejected.  The Court is fully aware of the trial evidence and the vast disparities in the degree and kind of conduct between the two defendants. Further, while 18 U.S.C. §3553(a)(6) requires that a sentencing court consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' that

language manifestly does not apply here. Crawford was charged with three federal felony counts, two of which provide for a maximum term of life imprisonment, and was convicted after trial of three felonies.  Feight pleaded guilty to one felony carrying a maximum penalty of 15 years imprisonment. Their offense conduct and the statutes of which they were found guilty stand in stark contrast and present no basis for comparable sentences. *United States v. Stevenson*, 834 F.3d 80, 84 (2d Cir. 2016); *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008).

  **4.**  **The Defendant Demonstrates in His Sentencing Memorandum That He Does Not Appreciate the Seriousness of his Offenses**

In the defendant's Sentencing Memorandum, at p. 10, he claims that he "understands the seriousness of his offenses," but immediately follows that with the statement that he "steadfastly maintains his innocence for the crimes for which he has been convicted."  In a case where the overwhelming majority of the trial evidence was comprised of the defendant's own words and image in audio and video recordings, this demonstrates that, at least to this point in the sentencing process, the defendant has shown no remorse for, or even appreciation of, the seriousness of the totality of his conduct.  Such a failure has been described by the Second Circuit as a circumstance that further expands the range of substantively reasonable sentences to allow a district court to afford adequate specific deterrence and protection of the public. *United States v. Broxmeyer*, 699 F.3d 265, 295 (2d Cir. 2012), citing 18 U.S.C. § 3553(a)(2)(B), (C).  The court found that, on the record there, the district court could reasonably have concluded that a sentence well above the statutory minimum was necessary to signal the seriousness of the crimes of conviction, promote respect for the law, afford adequate deterrence, and protect the public from further crimes by the defendant. *Id.* See also, *United States v. Agostini*, 365 F. Supp.2d 530, 540 (S.D.N.Y. 2005).

> 5. **The Defendant Has Presented No Valid Mitigating Circumstance To Counter His Sinister Conduct In Plotting To Use Radiation To Seriously Injure Or Kill Unsuspecting Human Targets**

Finally, the defendant has offered no mitigating circumstance that withstands scrutiny to offset the extreme and lethal nature of his offense conduct.  He correctly points out that he has no prior criminal convictions, and goes on to reference his family, church, and employment.  The facts, however, are stubborn things.  He neglects to mention that he – by his own oft-repeated words – had been working on his deadly plot to kill others in the United States for years.  Or that he was a card carrying member of a faction of the Ku Klux Klan. Or that he lied to his family and when he took trips in his car to North Carolina, Tennessee, and elsewhere to advance his plot and to meet with ranking KKK officials to solicit funds to finance his acquisition of a radiation killing device. He had parts for his planned modification of the radiation device delivered to him on the property of his employer. He recruited Eric Feight, co-workers, friends, acquaintances, and even a family member to assist him in advancing his plot and in some cases to disguise his murderous scheme. He cannot rely on these seemingly mitigating roles when in fact he betrayed each and every one of them.  The defendant carried out his hate for Muslims and others he deemed undesirable and destroying his country, despite those relationships and record.  His extreme conduct was his own doing, and now demands an appropriate sentence – a sentence of life imprisonment.

Respectfully submitted this 21st day of
November, 2016.

      RICHARD S. HARTUNIAN
      United States Attorney

By:      /s/
      Stephen C. Green
      Bar Roll No. 507767
      Richard D. Belliss
      Bar Roll No. 515295
      Assistant United States Attorneys

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

GLENDON SCOTT CRAWFORD,

Defendant.

Case No.   1:14-CR-30 (GLS)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2016 I filed the **Government's Response** with the Clerk of the District Court and sent copies of said documents via ECF to counsel on record for the defendant.

*/s/*
*James Hendry*
*Legal Assistant*